## MARY E. MULLEN v. THE CITY OF OWOSSO.

*Imputed negligence—Voluntarily riding in the private conveyance of another.*

Where a woman who has arrived at the age of discretion voluntarily enters the private carriage of another, to ride, and, by his carelessness in driving over an obstruction in a public street, is injured, his negligence is imputable to her, and bars a recovery by her against the municipality for the injuries received, under the rule laid down in *Railroad Co. v. Miller*, 25 Mich. 274.[1]

[1] For cases bearing upon the question of the imputation of the negligence of the driver of a private carriage to an adult person voluntarily riding with him, see *Nisbet v. Garner*, 1 L. R. A. 152, and note; *Dean v. Railroad Co.*, 6 Id. 143, and note; *Becke v. Railroad Co.*, 9 Id. 157, and note; *Railroad Co. v. Lapsley*, 16 Id. 800.

| | |
|---|---|
| 100 | 103 |
| 121 | 679 |
| 100 | 103 |
| 138 | 3 |
| 138 | 4 |
| e138 | 526 |
| 100 | 103 |
| 141 | 281 |

Error to Shiawassee. (Newton, J.) Argued June 8, 1893, and reargued January 6, 1894. Decided April 17, 1894.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*George L. Keeler* (*John T. McCurdy*, of counsel), for appellant.

*Odell Chapman*, for defendant.

LONG, J. The plaintiff, a woman about 34 years of age, was riding with Mr. Pond in a private carriage drawn by one horse along a public street in the city of Owosso. Overtaking Mr. Sanders, who was driving in the same direction, Mr. Pond attempted to pass him. Sanders was driving at a rapid rate, and Mr. Pond, in attempting to pass, started his horse rapidly forward. The parties raced for a distance, when Mr. Pond ran over a pile of sand in the highway. His carriage was overturned, and plaintiff thrown out and injured.

The proofs are clear that Mr. Pond knew that a building was being erected by the side of this street, and that a mortar box and other materials were out in the street, in front of it. He stated that on a former trial he testified that he knew the street was incumbered by such materials, and thought that somebody was liable to get hurt there. Yet, in view of this knowledge, he carelessly drove his horse at the rate of more than six miles an hour in the street, contrary to the ordinances of the city. The court directed the jury:

"If you find from the evidence in this case that the plaintiff would not have been injured but for the neglect of the city to give proper warning, then the plaintiff would be entitled to recover, unless you find that Mr. Pond knew of the obstruction to a portion of this street,

and heedlessly drove over the obstruction; then he would be guilty of gross negligence, and plaintiff could not recover."

Again the court said:

"If the plaintiff in this case voluntarily entered the private conveyance of Mr. Pond, and voluntarily trusted her person and safety, in that conveyance, to him, by voluntarily entering into the private conveyance of Mr. Pond, she adopted the conveyance, for the time being, as her own, and assumed the risk of the skill and care of the person guiding it. So, if you find that Mr. Pond was negligent in driving fast, * * * the plaintiff in this case could not recover."

The jury returned a verdict in favor of the defendant.

The only question presented by the brief of plaintiff's counsel is whether the negligence of Mr. Pond is imputable to the plaintiff. This question was settled in the affirmative in *Lake Shore & Mich. Southern R. R. Co. v. Miller,* 25 Mich. 274, which was decided by this Court in 1872, and has not since been departed from. Counsel claim that some doubt has been cast upon this doctrine by some of the later decisions, and cite *Battishill v. Humphreys,* 64 Mich. 503. In that case a child three years of age was run over by an engine upon a railroad operated by defendants as receivers. The question was raised whether the negligence of the parents in permitting the child to go upon the track was imputable to the child. Mr. Justice MORSE held that such negligence was not imputable to the child. The other Justices expressed no opinion upon that point. In *Shippy v. Village of Au Sable,* 85 Mich. 280, the question whether the negligence of the parents was imputable to a child three years of age was again presented; and, upon a full hearing, it was the unanimous opinion of the Court that such negligence was not imputable to the child. Other cases of like character have been presented to this Court, involving that question; and the rule

is now established that, when the child brings the action for negligent injuries, the negligence of the parents cannot be imputed to it.

But the present case presents quite a different question. Here a person of the age of discretion voluntarily enters a private conveyance of another, to ride, and by the carelessness of that person is injured. The rule laid down in the Miller case, cited above, precludes a recovery. It has been too long settled to be now disturbed. In *Schindler v. Railway Co.*, 87 Mich. 410, the rule was recognized. It was there said of the Miller case: "This is the general rule, and has been since followed in this State." The rule was also recognized by this Court in *Cowan v. Railway Co.*, 84 Mich. 583.

Judgment is affirmed.

GRANT and MONTGOMERY, JJ., concurred with LONG, J.

HOOKER, J. (*dissenting*). The plaintiff was riding in a carriage, with, and upon the invitation of, a Mr. Pond, in the city of Owosso. In attempting to pass another vehicle, the carriage was overturned, by reason of its being driven upon a pile of sand or rubbish in the street, and plaintiff was injured. The defense is made that the driver, Mr. Pond, was negligent, and that such negligence should be imputed to the plaintiff.

The cases are not harmonious upon this question, but the great weight of authority is against the defendant's contention; the case of *Thorogood v. Bryan* (decided in 1849), 8 C. B. 115, which is considered the leading case sustaining the defendant's proposition, having been overruled in England, and repudiated in this country, generally, though followed in some states. That was a case of the collision of two omnibuses. The action against the owner of one by a passenger of the other was defeated upon the ground of contributory negligence, upon the

theory that the passenger was so identified with the driver of his vehicle as to be chargeable with his negligence. This decision seems to rest upon an inference that the driver is the agent of the passenger, or at least that he is under the direction and control of the passenger. The case was disregarded in *Rigby v. Hewitt*, 5 Exch. 240, and distinctly overruled in *The Bernina*, 12 Prob. Div. 58; *Mills v. Armstrong*, 13 App. Cas. 1, 7. In the last case, Lord Herschell commented as follows upon the case of *Thorogood v. Bryan:*

" In short, as far as I can see, the identification appears to be effective only to the extent of enabling another person, whose servants have been guilty of negligence, to defend himself by the allegation of contributory negligence on the part of the person injured. But the very question that had to be determined was whether the contributory negligence of the driver of the vehicle was a defense, as against the passenger, when suing another wrong-doer. To say that it is a defense, because the passenger is identified with the driver, appears to me to beg the question, when it 'is not suggested that this identification results from any recognized principles of law, or has any other effect than to furnish that defense, the validity of which was the very point in issue."

In *Little v. Hackett*, 116 U. S. 366, Mr. Justice Field uses the following language:

" The truth is, the decision in *Thorogood v. Bryan* rests upon indefensible ground. The identification of the passenger with the negligent driver or the owner, without his personal co-operation or encouragement, is a gratuitous assumption. There is· no such identity. The parties are not in the same position. The owner of a public conveyance is a carrier, and the driver, or the person managing it, is his servant. Neither of them is the servant of the passenger, and his asserted identity with them is contradicted by the daily experience of the world."

The doctrine of *Thorogood v. Bryan* has met with similar treatment in most of the state courts of last resort, and, as to public conveyances, may be said not to

state the law correctly.    The reasons upon which these cases rest are equally conclusive in cases where the injured party was riding in a hired carriage with a driver from a livery stable,—in cases where the passenger does not, as a matter of fact, exercise such control over the driver as to make him his servant.    See *Little v. Hackett, supra; Missouri Pac. Ry. Co. v. Texas Pac. Ry. Co.*, 41 Fed. Rep. 316; *Larkin v. Railway Co.*, 85 Iowa, 492; *Railroad Co. v. Steinbrenner*, 47 N. J. Law, 161; *Randolph v. O'Riordon*, 155 Mass. 331.    In cases like the present the question becomes one of fact; the test of the passenger's responsibility for the negligence of the driver depending upon the passenger's control, or right of control, of the driver, so as to constitute the relation of master and servant between them.    *Railway Co. v. Kutac*, 72 Tex. 643; *Cahill v. Railway Co.*, 92 Ky. 345; *Nesbit v. Town of Garner*, 75 Iowa, 314; *Dean v. Railroad Co.*, 129 Penn. St. 514; *McCaffrey v. Canal Co.*, 16 N. Y. Supp. 495; *Masterson v. Railroad Co.*, 84 N. Y. 247; *Noyes v. Boscawen*, 64 N. H. 361; *Follman v. City of Mankato*, 35 Minn. 522; *Railroad Co. v. Hogeland*, 66 Md. 149; *State v. Railroad Co.*, 80 Me. 430; *Town of Knightstown v. Musgrove*, 116 Ind. 121; *Railroad Co. v Spilker*, 134 Id. 380. . It should not be inferred that a passenger can shelter himself behind the fact that another is driving the vehicle in which he rides, and relieve himself from his own personal negligence.    What degree of care should be required in the selection of a driver, or in observing and calling attention to dangers unnoticed by the driver, must depend upon the circumstances of each case.

It remains to inquire whether this question can be considered an open one in this State.    The question before us is doubtless supposed by many to have been settled in the case of *Lake Shore & Mich. Southern R. R. Co. v. Miller*, 25 Mich. 274, and it cannot be denied that the

*syllabus* of that case would confirm the opinion. The facts in that case were these: The plaintiff, a woman, was riding with Eldridge, being in his employ. The wagon was struck upon a railway crossing, near which was a wood pile belonging to the defendant, which obscured the view of the railroad. The only allusion to the question here discussed arose as follows: The Court said:

"So that the only negligence which can be claimed in the mode of running the train must rest upon the ground that the company, having obscured the view and deadened the sound of the approaching train by the mode of piling their wood, were bound, for that reason, to run at much less than their usual rate of speed in approaching that crossing, or to keep a flagman there, or use some other extra means to warn people traveling the highway of the approach of trains from the west. *The materiality of this question must depend upon another,—whether the plaintiff's own negligence, or that of Eldridge, who was driving the team, contributed to the injury, within the meaning of the generally settled rule upon this subject; for, as she was riding with Eldridge, the owner and driver of the team, any negligence of Eldridge equally affects her rights in this suit, as was properly held by the court.*"

It will be noticed that the subject is passed without discussion, and the Court proceed with a lengthy review of the doctrine of contributory and comparative negligence. On page 287 the Court state the established facts, among which are the following:

"Eldridge was slightly deaf or hard of hearing, but the plaintiff herself was not." * * * "They keep on, still upon the walk [the train in sight], not stopping to listen, and looking neither to the right nor the left, neither up nor down the track; they are almost upon it; he [the witness] still thinks they will stop, but they move steadily on," etc.

Again:

"No logic can find in it, or extract from it [the evidence], the faintest manifestation or idea of that reason-

able care or common prudence which the circumstances demanded in approaching the crossing."

The Court find from the testimony of the plaintiff herself that neither Eldridge nor herself used any caution whatever.

One of to things must be admitted, under the facts stated, viz.:

1. That plaintiff was relieved from all responsibility by the fact that she was riding with Eldridge, and was under no obligation to look for the train; or—

2. That the failure to do so was contributory negligence upon her part, which should have precluded a recovery by her, in which case the question of imputed negligence was unimportant.

The opinion apparently takes the latter view, so far as plaintiff's own negligence is concerned, where it says:

" I think the evidence tended affirmatively to prove actual and gross negligence on their part, which contributed directly to produce the injury complained of."

From the finding, I think it may be said that the question before us was not necessarily involved in the Miller case, and that it was not considered the controlling point. If it is to be treated as conclusive, against the overwhelming weight of authority in the United States and England, we shall apparently accept an incidental remark in an opinion as decisive upon an important principle, which deserved a full discussion before being settled. An examination will show that this decision has never since been applied, beyond a recognition of the doctrine in cases where it was not involved in the decision. It was mentioned and recognized in *Cuddy v. Horn,* 46 Mich. 596, but the Court disposed of the case upon the ground that the passenger upon a yacht had no control of the management. In *Schindler v. Railway Co.,* 87 Mich. 411, the Court again recognized the rule; saying that it was settled in *Railroad Co. v. Miller,* but that it did not apply,

because the defendant was guilty of wantonness. The plaintiff was a child riding with a neighbor. Mr. Justice CHAMPLIN, in a concurring opinion, protested against the doctrine.    87 Mich. 416.

In *Battishill v. Humphreys*, 64 Mich. 508, Mr. Justice MORSE uses the following language:

"I am not content to let the question pass as a settled one in this State.    At least, I am not willing to assent to the proposition that the negligence of any other person can become the contributory negligence of a plaintiff, without his fault."

In the case of *Shippy v. Village of Au Sable*, 85 Mich. 292, Mr. Justice MORSE expressed satisfaction with the views in the Battishill case, and added:

"I am also satisfied that the greater weight of authority in this country is now opposed to the contention of the defendant."

In neither of these cases was the doctrine of *Railroad Co. v. Miller* applied.

It seems, therefore, that the authority of the case of *Railroad Co. v. Miller* has been repeatedly questioned. The time has arrived when the question must be settled. I think it should be in conformity to the weight of authority, and the better rule.

The judgment should be reversed, and a new trial ordered.

MCGRATH, C. J., concurred with HOOKER, J.