## DONLIN v. DETROIT UNITED RAILWAY.

1. CONTRIBUTORY NEGLIGENCE—AUTOMOBILES—STREET RAILWAYS— RECKLESS DRIVING—COLLISIONS.

   The driver of an automobile who approaches a street railway track, his view of which is obstructed, at so high a rate of speed as to make it impossible to stop before the track is reached, where the sense of seeing is for the first time available, is guilty of contributory negligence, as a matter of law.[1]

2. STREET RAILWAYS—NEGLIGENCE—QUESTION FOR JURY—EVIDENCE.

   It was a question for the jury whether the defendant street railway company was guilty of negligence in the operation of the car, where there was evidence that the car was operated at excessive speed in a densely populated neighborhood; that no gong was sounded, and that the car was not under control.

[1]As to duty of operator of automobile when near street cars, see note in 38 L. R. A. (N. S.) 493.

3. SAME—AUTOMOBILES— COLLISIONS — PROXIMATE CAUSE — QUESTION FOR JURY.

It was a question for the jury whether the contributory negligence of the driver of the automobile, in driving on the track at such a high rate of speed as to make it impossible to stop before the track was reached, was the proximate cause of the injuries to an occupant of the car.[1]

4. AUTOMOBILES—NEGLIGENCE—RECKLESS DRIVING—IMPUTED NEGLIGENCE—MINORS.

The negligence of the driver of an automobile cannot be imputed to an infant occupying it as a passenger.[2]

5. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.

Evidence *held*, insufficient to show that the occupant of the automobile, which was driven by another, was guilty of contributory negligence.

6. PARTIES—JOINDER—JOINT TORTFEASORS.

Where there are several tortfeasors, more than one negligently contributing to the injury, an action may be maintained against them jointly or severally.

Error to Wayne; Hosmer, J. Submitted June 25, 1917. (Docket No. 7.) Decided September 27, 1917.

Case by Stanley P. Donlin against the Detroit United Railway and another for personal injuries. Judgment for defendants on a directed verdict. Plaintiff brings error. Reversed as to defendant railway.

*Ormond F. Hunt,* for appellant.

*William G. Fitzpatrick,* for appellee.

At the time of the accident which is the basis of this action, plaintiff was over 16 years of age and was living with his parents at 350 Howard street, in the city of Detroit. Their home was about a quarter of a block west of Tenth street. They had a roomer

---

[1]On the question of evidence as to speed of automobiles or other road vehicles, see note in 34 L. R. A. (N. S.) 778.

[2]On the question of imputed negligence of driver to infant, see note in 8 L. R. A. (N. S.) 669.

named Elder L. Rugg, who was an employee of defendant Home Telephone Company; he drove an automobile for that company, and it was kept in a garage on the premises of plaintiff's father. The Sunday following Christmas plaintiff and his older brother, Wallace, went to church and Sunday school. Wallace had arranged with Rugg to call for them and some girl friends. Plaintiff does not appear to have been a party to this arrangement, but when Rugg came along after church and stopped for them the two boys got into the automobile. The girls had started for home, but were overtaken, and they got in the machine. The girls were first taken to their respective homes, then Rugg and the two boys started for home, going south on Tenth street. Baker street runs east and west. Defendant railway company operates a line on Baker. These streets cross at right angles. On the east side of Tenth street, and running north from Baker, was a high board fence; there was a place in it where there was a drop that gave a view to the east on Baker. In approaching Baker street the driver Rugg made no attempt to slacken his speed, but, on the contrary, increased it to 20 miles per hour, and, so far as the record discloses, did not look up Baker at the drop in the fence, or at any other place before Baker street was reached, or before attempting to cross, to ascertain whether there was a car coming from either direction. A car going west on Baker street collided with the automobile, and the plaintiff was seriously injured. There was testimony given on behalf of plaintiff, tending to show that this car was going at a very high rate of speed, 25 to 30 miles per hour, that no gong was rung to give notice of its approach, and that it was not under control. There was no testimony tending to show that defendant telephone company was in any way connected with the use of the automobile on the day in question, and it

is conceded that a verdict was properly directed in its favor. The court also directed a verdict in favor of the railway company at the close of plaintiff's case, on the ground that the sole and proximate cause of the accident was the negligence of the driver Rugg. From a judgment rendered upon the verdict so directed, the plaintiff brings the case here.

FELLOWS, J. (*after stating the facts*). We conclude, as matter of law, that the driver Rugg was guilty of negligence contributing to the accident. He was not called as a witness; was not available, having left Detroit some time before the trial. If he depended upon his sense of hearing alone—and no other rational explanation of his conduct is permissible—it is not a sufficient excuse. To approach with an automobile the track of a street railway where the vision is obstructed at so high a rate of speed as to make it impossible to stop before the track is reached, where, after the machine has reached the street, the sense of seeing is for the first time available, and without theretofore taking any precautions to ascertain whether a car is coming, is not the exercise of that reasonable care for the protection of the driver himself and other occupants of the automobile as common prudence and the law requires. *Colborne* v. *Railway,* 177 Mich. 139 (143 N. W. 32), and authorities there cited. In that case it was said by Chief Justice STEERE, speaking for the court:

"He could and should have made sure of the safety of proceeding, by looking just before entering upon the track, and at such a point that he could stop his machine if necessary in order to avoid a collision. This rule should be as strictly applied to an automobile as to a pedestrian, and the reasons for its application are more impelling."

But we are unable to agree with the learned circuit judge that under the evidence in the case it may be

said, as matter of law, that the negligence of the driver was the sole and proximate cause of the accident, and that there was no testimony in the case which would justify the jury in finding that the negligence of the defendant railway company contributed thereto. There was testimony in the case tending to' show that the car was running at an excessive rate of speed. One witness puts it at 20 miles an hour; another at 20 to 30 miles an hour; another at 25 miles an hour; another, a passenger, said they were going so fast as to cause her to grow nervous. The testimony shows this neighborhood to be densely populated. There was evidence tending to show that the gong was not sounded, and the evidence as to the distance the car ran after the impact would permit the inference that it was not under control. This testimony made the question of the negligence of defendant railway a question for the jury. *Deneen* v. *Railway Co.*, 150 Mich. 235 (113 N. W. 1126, 13 Am. &. Eng. Ann. Cas. 134) ; *Putnam* v. *Railway*, 164 Mich. 342 (129 N. W. 860), and authorities there cited; *Sceba* v. *Railway Co.*, 189 Mich. 308 (155 N. W. 414) ; *Wavle* v. *Railways Co.*, 170 Mich. 81 (135 N. W. 914).

Whether the negligence of the driver alone, or his negligence, together with that of the defendant railway company, caused the accident was a question of fact to be solved by the jury, not a question of law to be solved by the court.

Defendant's counsel further urges that the negligence of the driver Rugg should be imputed to plaintiff, that Rugg and plaintiff were engaged in a common enterprise, and that plaintiff was guilty of contributory negligence. Had plaintiff been an adult the negligence of the driver would be imputed to him under the uniform holdings of this court, upon the theory or fiction of the law that the relations of principal and agent, or master and servant, existed. But plaintiff,

at the time of the accident, was a minor, incapable of entering into a contract of agency, and the question is ruled by *Hampel* v. *Railroad Co.*, 138 Mich. 1 (100 N. W. 1002, 110 Am. St. Rep. 275). It was there said by Mr. Justice HOOKER, speaking for the court:

"The next question of importance is whether the negligence of the driver is imputable to the plaintiff's intestate. Plaintiff's counsel concede that, had she been an adult, it would be, but earnestly and ably contend that, as she was an infant, she should not be charged with the negligence of the driver. It is urged that the doctrine of negligence rests upon the assumption that the relation of principal and agent or master and servant exists between the passenger and driver, and that, as an infant can be neither principal nor master, the doctrine cannot apply to an infant. The deceased was an infant 13 years old, in a carriage by invitation of its driver, through whose negligence, and without her fault, she was killed. Had she been an adult, his negligence would have been imputable to her, upon the fiction that he was her agent, under the doctrine of *Thorogood* v. *Bryan*, 8 C. B. 115, which is recognized as authority in this State. See *Mullen* v. *City of Owosso*, 100 Mich. 103 (58 N. W. 663, 23 L. R. A. 693, 43 Am. St. Rep. 436). But this infant lacked the capacity to make him her agent, while there is not the least substance of a claim that either party supposed that such relation existed as a matter of fact.

"It is said that the case is covered by *Apsey* v. *Railroad Co.*, 83 Mich. 432, 440 (47 N. W. 319). The question of imputed negligence is not discussed in that case. It may be inferred that it was not raised. The decision in *Mullen* v. *City of Owosso* was carefully limited to cases of adults, by the writer of the opinion, who participated in the decision of the *Apsey Case.* In some jurisdictions the negligence of parents is imputable to children. Whatever the rule in this State may be as to children of very tender years, having no capacity to care for themselves, that doctrine is not sustained as to infants generally. See *Fye* v. *Chapin*, 121 Mich. 679 (80 N. W. 797), citing *Shippy* v. *Village of Au Sable*, 85 Mich. 280 (48 N. W. 584),

and *Mullen* v. *City of Owosso, supra.* Here no question of the parents' negligence is raised, as in the *Apsey Case;* but, if a child is chargeable with its parents' negligence, does it follow that he should be held responsible for that of strangers at whose invitation he rides? The doctrine is at variance with the overwhelming weight of authority here and in England. If the case of *Apsey* v. *Railroad Co., supra,* must be considered an authority for the proposition that the negligence of a driver is imputable to an infant, it should be overruled."

Nor can it be said upon this record that plaintiff and Rugg were engaged in a common enterprise. We have already stated that plaintiff's older brother Wallace made arrangements with Rugg to call for them and the girls after Sunday school. There is no evidence in the record that plaintiff was a party to this arrangement, or knew of it. It therefore becomes unnecessary for us to determine the question of the effect of plaintiff's minority upon an arrangement which it is not shown he entered into.

Plaintiff, so far as the proof discloses, in no way controlled the operation or movement of the automobile; no act of his, or failure to act on his part, is pointed out which shows contributory negligence on his part, and we have already shown that the driver's contributory negligence is not imputable to him.

We have, therefore, before us in the final analysis a case of injury to plaintiff which a jury would be authorized in finding was produced through the concurrent and contributing negligence of defendant railway company and the driver Rugg, the negligence of the driver not being imputed to plaintiff. Where there are several tortfeasors, more than one negligently contributing to the injury, an action may be maintained against them jointly or severally. *Pruner* v. *Railway,* 173 Mich. 146 (139 N. W. 48) ; *Cuddy* v. *Horn,* 46 Mich. 596 (10 N. W. 32, 41 Am. Rep. 178) ; *Malmsten* v. *Railroad Co.,* 49 Mich. 94 (13 N. W. 373).

The plaintiff introduced in evidence an ordinance of the city of Detroit, entitled:

"An ordinance to regulate the speed of street railway cars within the corporate limits of the city of Detroit."

The trial court construed this ordinance, giving force to the view that the ordinance was, among other things, designed to promote an efficient and regular service. Plaintiff insists that the construction is erroneous, and calls attention to an ordinance approved April 15, 1904, which it is thought deals with the latter subject. This ordinance, however, is not before us, and we do not deem it wise to determine this question without both ordinances before us.

It follows from what has been said that the case must be reversed, and a new trial ordered. Plaintiff will recover costs.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.