## KNEESHAW v. DETROIT UNITED RAILWAY.

1. AUTOMOBILES— CONTRIBUTORY NEGLIGENCE— NEGLIGENCE— IMPUTING NEGLIGENCE.

   Negligence of the driver and owner of an automobile, contributing to a collision with a street car, will be imputed to a person who was riding with the owner of the motor car.[1]

2. SAME—HIGHWAYS AND STREETS—PERSONAL INJURIES.

   And it was contributory negligence on the part of the driver, on discovering that the steering gear of his vehicle failed to

---

[1] For the general question of imputed negligence of driver to passenger, see extensive note in 8 L. R. A. (N. S.) 597.

work and the machine started to circle in front of the car, after completing one entire circuit at a slow rate of speed, not to employ the ordinary means at his command to stop the automobile.

3. SAME—DISCOVERED NEGLIGENCE—LAST CLEAR CHANCE—STREET RAILWAYS.

The motorman was not chargeable with negligence for failing to discover plaintiff's danger in time to have stopped the street car; since the automobile was apparently in a place of safety until a brief interval before the collision.

Error to Wayne; Brooke, J. Submitted April 4, 1911. (Docket No. 2.) Decided May 3, 1912.

Case by James W. Kneeshaw against the Detroit United Railway for personal injuries. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*N. Calvin Bigelow* (*Henry C. Forler*, of counsel), for appellant.

*Brennan, Donnelly & Van De Mark*, for appellee.

BIRD, J. This is a personal injury case in which the trial court, at the conclusion of the proofs, directed a verdict for the defendant. The plaintiff has assigned error. The plaintiff and one Hodgson were riding with Mr. Edward Frolich in his electric automobile in the city of Detroit, going east on Jefferson avenue, intending to turn down Brush street. When they reached Brush street, they were prevented from doing so by reason of a wagon which was in the way, so they continued their course on Jefferson avenue 90 to 100 feet beyond the intersection. At this point they started to circle around to the left, intending to go straight into Brush street. After they crossed the defendant's tracks and were nearing the north curb, Mr. Frolich discovered that the steering gear had caught in some way and would not respond to the lever. The machine kept on in a circle, reaching the south curb

just east of Brush street, when it immediately started northward on the second circle. When it reached defendant's south track, it collided with one of its east-bound cars, wrecking the automobile and injuring plaintiff. The view which the trial court took of the proofs was that they failed to establish the negligence of the defendant, but did establish the contributory negligence of Mr. Frolich.

There is much discussion in the briefs of counsel as to the occurrences which preceded and led up to the collision, and counsel are in direct conflict as to many of the incidents. We think it would profit little to discuss the question of the negligence of the defendant, for the reason that, whatever our conclusion might be as to that question, the case will have to be affirmed on the ground of the contributory negligence of Mr. Frolich, whose negligence, so far as this case is concerned, is the negligence of the plaintiff.

It was clearly the duty of Mr. Frolich to stop his car when he learned that he could not guide it. He learned this fact just after he crossed the tracks the first time while on his way north around the circle. Instead of stopping his car, as an ordinarily prudent person would do, he kept on around the circle and passed in front of the street car and completed the circle at the south curb, and immediately started on another circle knowing the street car was very near. The automobile was not traveling at any time to exceed two miles an hour, and had he shut off his power or applied his brake at any point before starting on the second circle, the machine would have stopped almost instantly. The failure to use the usual and ordinary instrumentalities provided for stopping the car is, under the circumstances of this case, such contributory negligence as will bar a recovery.

In attempting to excuse plaintiff's failure to stop the automobile, nis counsel argues that plaintiff was suddenly placed in a position of peril, and he seeks to apply the rule that is often applied in such cases. The difficulty

with this contention is the plaintiff was not suddenly placed in a position of peril. He knew when he crossed the tracks going north on the first circle that he could not control his automobile, and he had ample opportunity to think and act while he was going on around the circle and before he reached the south curb. If Mr. Frolich had not discovered that his steering gear was out of order until after he had crossed in front of the car, there might be some room for such a claim. The facts as Mr. Frolich himself details them leave no room for the application of that rule.

It is also urged that, even though plaintiff were negligent, the motorman should have discovered the peril plaintiff was in and averted the collision. After the automobile crossed the track in front of the car going toward the south curb, it was apparently in a place of safety, and it was not until it circled around and commenced to approach the track again that the motorman had any reason to suspect that plaintiff was in any danger. After that, and before the impact, the time was very brief, and there is no proof that the motorman did not do what he could to avoid the collision.

The judgment of the trial court is affirmed.

MOORE, C. J., and MCALVAY, STONE, and OSTRANDER, JJ., concurred.