### PILCH v. YELLOW TAXICAB CO.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—TRIAL—INSTRUCTIONS.

   In an action for personal injuries caused to plaintiff when the truck in which he was riding was struck by defendant's taxicab, which attempted to pass from the rear on the right-hand side while both were exceeding the speed limit, the court properly charged the jury that plaintiff could not recover if he or the driver of the truck in which he was riding was guilty of any negligence which contributed to the accident.

2. EVIDENCE — MORTALITY TABLES ADMISSIBLE WHERE INJURY PERMANENT.

   Where there was evidence by a physician that an injury to plaintiff's hand was probably permanent, the admission in evidence of the mortality tables was not error.

On questions relating to the admissibility of mortality tables as evidence, see notes in 40 L. R. A. 553; L. R. A. 1918C, 1071.

On excessiveness of verdicts in actions for personal injuries other than death, see note in L. R. A. 1915F, 30.

3. DAMAGES—EXCESSIVE VERDICT.

A verdict for $8,000 damages for a permanently deformed hand resulting in lessening one-half the earning capacity of plaintiff, who is only 36 years old, cannot be said to be excessive.

Error to Wayne; Goff (John H.), J.     Submitted October 17, 1923.     (Docket No. 88.)     Decided December 19, 1923.     Rehearing denied February 1, 1924.

Case by Walter Pilch against the Yellow Taxicab Company for personal injuries.     Judgment for plaintiff.     Defendant brings error.     Affirmed.

*Monaghan, Crowley, Reilley & Kellogg,* for appellant.

*Harry M. Stone, Frederick A. Browe,* and *Bigelow & Rankin,* for appellee.

MOORE, J.     This case was tried in February, 1923, It grew out of an automobile collision which occurred in September, 1918.     At the close of the testimony offered on the part of the plaintiff, and again at the close of all the testimony, the defendant asked for a directed verdict.     These motions were overruled and the case was submitted to a jury which returned a verdict in favor of the plaintiff in the sum of $8,000. A motion was made for a new trial.     This was overruled and the case is in this court by writ of error.

The plaintiff is a tailor.     He was riding by the side of the driver of a light Ford truck, going west on Fort street near Twelfth street in Detroit.     This street has a double street railway track.     It is the claim of the plaintiff that as the truck was going west a taxicab going in the same direction, instead of passing the truck on the left-hand side, attempted to pass the truck by going between it and the curb, and smashed the right front wheel of the truck and injured the

front right fender, with the result that plaintiff's hand and arm went through the wind shield and he was thrown violently to the pavement. Testimony was given tending to support this claim.

The record discloses that two men intended to take the interurban car to Toledo but failed to get it, and they became passengers in the taxicab, and the driver was attempting to overtake the interurban car when the accident happened. The version, in part, of the driver of the taxicab as to what happened is as follows:

"In reference to how this accident happened, I was driving west on Fort street with two passengers in the rear of the car just back of a Ford truck. I started blowing my horn about 200 feet in the rear of the car. I got up right behind him and he edged over a little and I went to pass him and I didn't have ample room to pass him and the street car, and he kind of drove into me, and I caught his front wheel and the car was already past and it allowed him to swing to the south on account of the trucks, so that this gentleman went out in the middle of the street. When I commenced blowing my horn I was driving on Fort street, west; he was about 200 feet ahead of me, and I continued to blow the horn until I caught up to him. The Ford driver attempted first to turn out but he turned back again. There was plenty of room for him to turn out. The two front wheels collided. The Ford truck did not stop in that place, it swerved to the middle of the street, south on the street on account of the tracks. There is a double track there and the Ford truck swerved to the south track. My taxicab went along and I stopped and went back."

It is undisputed that the right front wheel of the truck was broken and the right fender injured, and that the truck was thrown south past the center of the street and upon the south street car track. The taxi driver testified there was no speedometer on the taxicab.

There are several assignments of error but most of

them hinge upon the proposition that the driver of the truck was going 15 or 16 miles an hour in a business district, when the speed limit was 10 miles an hour and therefore was guilty of negligence *per se,* which contributed to his injury.

The principal contention of counsel is tersely stated as follows, we quote from the brief:

"It was the contention of defendant on the trial and on motion to set aside the verdict, *non obstante veredicto,* that the case presented was one of two speeding automobiles, one hogging the road and the other endeavoring to pass and that speed had to do with the accident, not only on the part of defendant's driver but on the part also of plaintiff's driver; the speed of plaintiff's driver, after he had been warned and signalled to pass was such that in order for defendant's driver to pass, he was compelled to speed his car. If plaintiff's driver had been driving at a moderate rate of speed and within the limit of the law, it would not have been necessary for defendant's driver to speed his car in excess of the limit of speed prescribed by law; also, it must be admitted that if plaintiff's driver had not been running his car at an excessive rate of speed, he would not have been at the point where the accident happened, unfortunately for all concerned, at a point where a short distance ahead was a parked automobile, which parked automobile caused defendant's driver to further speed his car to pass plaintiff."

This contention overlooks the testimony of the plaintiff and the driver of the car that they did not hear the taxicab approaching, and that it passed them on the right-hand side and broke the right front wheel and injured the right fender.

Error is assigned because the court did not give certain requests to charge, and it is said:

"It is also the law in this State that plaintiff must fail if there is any evidence of negligence on his part contributing to the accident, even in a slight degree. *Benedict* v. *City of Port Huron,* 124 Mich. 600; *Lanier* v. *Railway Co.,* 209 Mich. 302."

In his general charge the jury were told:

"The plaintiff in order to recover in this case must prove by a preponderance of the evidence that the defendant driver on the occasion in question was guilty of negligence, or in other words, that he failed to conduct himself as an ordinarily prudent person would have done under similar circumstances and that such negligence was the direct or proximate cause of the injury complained of. Secondly, the plaintiff must prove by a preponderance of the evidence that he himself was free from negligence which contributed to the injury."

and the record discloses the following:

"*Mr. Reilley:* Your honor, may I suggest one thing in reference to a portion of your charge? Your honor charged in reference to the negligence that unless it was the efficient cause it would not make any difference; I ask your honor to charge that it is uncontradicted under the evidence and under the statute that the plaintiff's driver was guilty of negligence, and if that negligence in any degree, no matter how slight, contributed to the accident, there can be no recovery.

"*The Court:* I have already told you, gentlemen of the jury, as I understand it, that if you find that the plaintiff in this case or the driver of the truck in which the plaintiff was riding was guilty of any negligence which contributed to this injury, the plaintiff cannot recover, I think I said that to you—but that is the law."

The charge of the court was fully justified by what is said by Justice Steere, speaking for the court, in *Spencer* v. *Phillips & Taylor,* 219 Mich. at p. 360, and the cases there cited.

Complaint is made because the mortality tables were introduced. Dr. Cassidy testified in part:

"In Mr. Pilch's case, there is evidence of obstruction in the conductivity of the nerve and the lower group of muscles of the hand and fingers. I doubt very much whether there is a possibility of the hand becoming very much better at this period. I also doubt very much that he will have any more regeneration.

He cannot use the left hand the same as he can the right hand.     I think the condition will last and I would consider that permanent."

We do not think the introduction of these tables was error.

It is said the verdict is excessive.     Nearly four and one-half years elapsed between the time of the accident and the trial.     The plaintiff is about 36 years old.     The testimony indicates that his earning capacity is not more than half of what it was before the accident.     He had to go to the hospital after he was hurt.     He has a permanently deformed hand.     We do not think it can be said the verdict was so excessive as to call for a reversal of the case.

The other assignments of error have been examined but do not call for discussion.     The testimony was in direct conflict.     The case was properly submitted.

The judgment is affirmed, with costs to the appellee.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.