## LOUCKS v. FOX.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—WAIVER—APPEAL AND ERROR.

Where, in action under death act for wrongful killing of plaintiff's decedent, testimony by defendant was admitted without objection, and larger part of it is not shown to have been equally within knowledge of deceased, its admission, under circumstances, was not error (3 Comp. Laws 1929, §§ 14061, 14062, 14219).

2. SAME—CROSS-EXAMINATION—WAIVER.

Plaintiff, by withholding objections that defendant's testimony was inadmissible because equally within knowledge of deceased, and by cross-examining defendant, waived his right to object to admission of said testimony under statute (3 Comp. Laws 1929, § 14219).

---

As to waiver of objection to testimony by cross-examination, see annotation in 33 L. R. A. (N. S.) 103.

On care required of one in sudden emergency, see annotation in 37 L. R. A. (N. S.) 44.

As to "emergency rule" as applied to automobile drivers, see annotation in 6 A. L. R. 680; 27 A. L. R. 1197; 79 A. L. R. 1277.

3. MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE—DEATH—EYEWITNESSES—PRESUMPTIONS OVERCOME BY EVIDENCE.

> While it is presumed, as general rule, that decedent instantly killed in automobile collision was free from contributory negligence, in absence of eyewitnesses, this is only presumption that may be overcome by direct, positive evidence showing such negligence.

4. SAME—EMERGENCY—CONTRIBUTORY NEGLIGENCE.

> Automobile driver, facing emergency of avoiding collision with another car, is not responsible for selection of safer way to avoid collision.

5. SAME—TURNING TO WRONG SIDE OF ROAD IN EMERGENCY.

> Automobile driver, facing emergency of avoiding collision with approaching car, who turned to wrong side of road to avoid collision, is free from liability therefor, if reasonably prudent person, under similar circumstances, would have done same, despite untoward results.

6. SAME—WEIGHT OF EVIDENCE—EYEWITNESSES.

> In action under death act for wrongful killing of plaintiff's decedent, judgment in favor of plaintiff, *held,* not only against great weight of testimony, but against only positive testimony of sole eyewitness to accident.

7. SAME—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

> Where contributory negligence of plaintiff's decedent was proved, verdict should have been directed in favor of defendant.

Appeal from Huron; Boomhower (Xenophon A.), J. Submitted October 20, 1932. (Docket No. 173, Calendar No. 36,762.) Decided January 3, 1933.

Case by Alonzo Loucks, administrator of the estate of Robert Loucks, deceased, against Harry J. Fox under the death act for the negligent killing of plaintiff's decedent. Judgment for plaintiff. Defendant appeals. Reversed, and judgment entered for defendant.

*Fred H. Aldrich,* for plaintiff.

*Howard D. Brown (George H. Cary,* of counsel), for defendant.

BUTZEL, J.   Alonzo Loucks, administrator of the estate of Robert Loucks, deceased, brought suit under the death act (3 Comp. Laws 1929, §§ 14061, 14062) against Harry J. Fox.   Decedent was fatally injured in an automobile accident about 10:30 p. m. on July 21, 1929, at a point on trunk highway No. 83, about one-half mile west of Snell's Corner, not far from Bad Axe, Michigan.   Decedent was coming from the west in his Ford car, while defendant, accompanied by his wife, was driving a Buick in a westerly direction when the cars collided.   The lights of both cars were in good condition, and there were no obstructions in the way nor any other cars in the vicinity at the time of the accident.   The highway runs east and west, is level and straight, the graveled portion being about 26 feet wide.   The accident occurred just west of a culvert bridge, at which point the road tapers off slightly to a width of 20 feet, but almost immediately broadens out to 26 feet again.   There is a ditch 5 feet deep along the north side of the road.

The testimony is meagre as to how the accident occurred.   Decedent died almost immediately after the accident.   A young lady who accompanied him was injured and rendered unconscious, and her testimony gives no aid at all.   The physical condition of the cars and the tracks which remained unobliterated on the road only add to the uncertainty. The only one to give a coherent, clear statement was the defendant, who testified in his own behalf and was rigidly cross-examined by plaintiff's counsel. Evidently the latter believed it necessary to obtain

defendant's statement in order to make out a case. We believe he failed to show liability on defendant's part. No objection was made to the admission of this testimony, nor is it shown that the larger part of it was equally within the knowledge of deceased. 3 Comp. Laws 1929, § 14219. Under the circumstances, admission of such testimony was not error. Plaintiff could not withhold his objections and cross-examine defendant and thus take his chances on favorable testimony, and then maintain that such testimony was improperly admitted. His conduct constituted a waiver. See *Howatt* v. *Green,* 139 Mich. 289; *Newton* v. *Freeman,* 213 Mich. 673; *Harwood* v. *Hunt,* 221 Mich. 349; *DeWar* v. *Juett,* 228 Mich. 84.

The young lady who accompanied the decedent testified that decedent was driving on the south side of the road at the time when the lights of defendant's car first entered her range of vision. She was unable, however, to state how far this was from the place where the collision occurred. After she noticed the lights of defendant's car, she laid her head against the side of the car and was unable to see the road from that time on. Both in a statement made a few days subsequent to the accident, as well as throughout her entire testimony, she disclaimed any knowledge of how the accident had occurred. The trial judge stated during her testimony:

"She does not remember anything about the accident. In fact, she didn't know there was an accident."

Defendant testified that he was driving along the north side of the road at about 30 miles an hour; that about 8 or 10 rods east of the culvert bridge he noticed the decedent's car approaching on the same side of the road, at the same rate he was driving;

that when he arrived at the bridge, with the cars only 30 or 40 feet apart, he realized then that the only thing he could do to avoid an accident was to swerve to the left. He claims that he jammed on his brakes and turned to the south. The other car also turned to the south and at the moment of contact the right side of the Buick struck the left side of the Ford with very great force. Defendant's car stopped at a telephone pole about 36 feet from the bridge. Its front wheels went into the ditch but the rear wheels still remained on the road. Decedent's car came to a standstill immediately west of defendant's car, but near the center of the road, pointed in a southwesterly direction. The impact had turned it almost completely around. Decedent died almost instantly. His companion and defendant's wife were rendered unconscious and sustained serious injuries.

Much stress is placed by plaintiff on the tracks that were left in the road by the Buick car, but they establish little more than that it turned to the south just prior to the impact. The tracks of the Ford car were too indefinite to have any probative force. Shortly after the accident, other cars crossed such tracks as were left by the Ford car, obliterating them completely. Plaintiff claims that it would not have been possible for the east-bound car to arrive at a point of contact before the arrival of the west-bound car, so that it would be struck upon its left front corner by the right front corner of the west-bound car. Defendant contends that it would not be possible for decedent's car to be struck in the manner testified to by plaintiff and not be pushed off the road.

We are not at all impressed with the claims deducted by plaintiff from the relative positions of the

cars after the collision.  See *Prove* v. *Interstate Stages, Inc.,* 250 Mich. 478.  It might be argued with equal force that the fact that the Ford car was not pushed off the road and the Buick car lodged against it indicates that the Ford car was not on the south side of the road, thus confirming defendant's claims.  At most the physical facts lead to conjecture, on which judgment cannot be sustained.

While it is presumed as a general rule that a decedent instantly killed was free from contributory negligence in the absence of eyewitnesses, this is only a presumption that may be overcome by direct, positive evidence showing such negligence.  *Elrich* v. *Schwaderer,* 251 Mich. 33.

The facts fail to satisfy us that defendant was to blame for this unfortunate accident.  According to defendant's testimony, he was confronted with an emergency and forced to go to the south side of the road or else drive into a ditch five feet deep.  In case of an emergency, a driver is not responsible for the selection of the safer method of avoiding a collision.  If a reasonably prudent man would turn onto the wrong side of the road under similar circumstances, defendant is free from liability despite the untoward results.  The course he adopted was a natural one in the emergency presented.  *O'Malley* v. *Eagan,* 43 Wyo. 233 (2 Pac. [2d] 1063, 77 A. L. R. 582); *Skene* v. *Graham,* 114 Me. 229 (95 Atl. 950); *Stack* v. *General Baking Co.,* 283 Mo. 396 (223 S. W. 89).

The trial judge, in rendering judgment in favor of plaintiff, held defendant guilty of negligence and decedent free from contributory negligence.  He based his decision on the ground that defendant drove his car to the south side of the road where normally it did not belong, and that he did not sus-

tain the burden of showing how it got there or proving that decedent was guilty of contributory negligence. He limited plaintiff's damages to the sum of $1,500, however. The smallness of the amount is strongly indicative of the fact that the judge must have been in very great doubt himself. Decedent was an able-bodied young man, 20 years of age, and had the judge not been in doubt, it seems quite certain that he would have allowed a much larger sum.

A careful reading of the testimony leads us to the conclusion that the judgment is not only against the great weight of the testimony, but in fact against the only positive testimony of the sole eyewitness to the accident. On the other hand, contributory negligence of decedent was proved. The judgment is reversed, and the case remanded, with instructions to enter judgment for defendant, who will recover costs.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred. CLARK, J., did not sit.