CASWELL *v.* NEW YORK CENTRAL RAILROAD CO.

1. RAILROADS—CROSSING GRADE—NEGLIGENCE—STATUTES.
    It was negligence *per se* for railroad company to maintain grade of 8.2 per cent. over crossing where statutory limit is 3 per cent. (2 Comp. Laws 1929, § 11402).

2. MOTOR VEHICLES—SPEED AT RAILROAD CROSSING—NEGLIGENCE—STATUTES.
    It was negligence *per se* for automobile driver to drive his car at speed of 20 or more miles per hour between railroad warning sign and crossing, where statutory speed limit is 10 miles per hour (2 Comp. Laws 1929, § 11405).

3. SAME—GRATUITOUS PASSENGER—PRIVATE CARRIER.

    Legal allowance of mileage to special drain commissioner for
    driving his automobile to meeting place was not hiring of his
    car, and therefore another commissioner who rode with him,
    but for whose transportation he received no pay, was gratuitous
    passenger.

4. RAILROADS—NEGLIGENCE—IMPUTED NEGLIGENCE—GRATUITOUS PAS-
    SENGER.

    Where railroad company and driver of automobile were both
    guilty of negligence which contributed to injury of gratuitous
    passenger in automobile, negligence of driver of automobile
    was imputable to passenger, barring his recovery from rail-
    road company.

Appeal from Bay; Houghton (Samuel G.), J.
Submitted January 17, 1933. (Docket No. 40, Cal-
endar No. 36,937.) Decided May 17, 1933.

Case by Jabez Caswell against New York Central
Railroad Company and others for personal injuries
alleged to have been caused by the negligence of
defendants. From verdict and judgment for plain-
tiff against defendant railroad company only, it ap-
peals. Reversed, without a new trial.

*Collins & Thompson,* for plaintiff.

*Hewitt, Anneke & Brooker,* for defendant New
York Central Railroad Company.

FEAD, J. June 25, 1931, plaintiff, Hugh Campbell,
and Theodore Hine, special commissioners ap-
pointed by probate court to ascertain and determine
the necessity for a certain drain to be located some
17 miles from Bay City, were to hold a meeting to
view the location. Plaintiff and Campbell reported
at the office of the county drain commissioner in the
city, expecting to drive to the meeting in Campbell's

car. The county commissioner was absent, and they met Hine, who invited them to ride with him. The commissioner had asked Hine to call Campbell and ascertain if he wanted to go with Hine, but apparently had not mentioned plaintiff.

They attended the meeting, and, on the return to Bay City, passed over a crossing of defendant's railroad. The crossing had a grade of 8.2 per cent., which was in excess of the statutory three per cent., 2 Comp. Laws 1929, § 11402, Hine driving at a speed of 20 miles per hour or more from the railroad warning sign to the crossing, thus exceeding the statutory limit of 10 miles per hour, 2 Comp. Laws 1929, § 11405. The car jolted at the track, plaintiff was thrown from the seat, and his back injured. The injury was due to passing over the steep grade at a speed in excess of the statutory limit. Plaintiff brought this action against both Hine and defendant railroad company for negligent injuries, had judgment against the latter, and Hine was acquitted by the jury.

Both defendants were guilty of negligence *per se* for violation of the statutes, and the negligence of both contributed to the injury. The question is whether plaintiff was a gratuitous passenger in Hine's car, to be so found as a matter of law, counsel conceding that the negligence of the driver is imputed to such passenger. The court submitted the question as an issue of fact, and the jury found plaintiff a passenger for hire.

Plaintiff's contention in this respect is based upon the fact that the county drain commissioner paid Hine 10 cents per mile for the distance his car traveled in going to and from the meeting, and did not pay such mileage to the other special commissioners. However, in his testimony, the county

drain commissioner made it plain that he did not hire Hine to transport the other special commissioners, that the mileage was a customary allowance, that he would have paid each special commissioner the mileage had each gone in his own car, and that he did not control the transportation and each could have used his own car had he desired.

The mileage was not a hiring of Hine's car nor ·paid as compensation for its use in transporting himself or the others. Mileage is a well-established method, widely used in public and private business, of reimbursing an officer or employee for the expense necessarily sustained by him in traveling to perform his duties. It is merely a substitute for actual expenses, and, theoretically, covers only the cost of transportation of the individual officer or employee, and the rate is set·upon that basis unless otherwise indicated by circumstances. It involves no control of the car by the superior officer or employer, nor does it change the driver's relation or liability to anyone who might ride with him.

Reversed, without a new trial.

CLARK, SHARPE, WIEST, and BUTZEL, JJ., concurred with FEAD, J.

McDONALD, C. J. In view of decision in *Lachow v. Kimmich, ante,* 1, I concur in holding as to imputed negligence.

POTTER and NORTH, JJ., concurred with Mc-DONALD, C. J.