878

MERNA WEBER, APPELLEE, V. JOHN H. WEBER ET AL.,
APPELLANTS.

FILED MAY 19, 1933.  No. 28420.

*Wills & Wills* and *Fred S. Berry*, for appellants.

*W. L. Brennan* and *J. A. Donohoe, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY and
DAY, JJ.

DEAN, J.

Merna Weber brought this action to recover damages
from the parents of her divorced husband for the aliena-
tion of his affections. The defendants appeal from a
judgment rendered against them.

An examination of the evidence discloses that the overt
acts, which form plaintiff's complaint against the defend-
ants, were committed solely by Hannah Weber. There
is not a scintilla of evidence that John H. Weber, during
the time plaintiff and Theodore Weber were husband and
wife, either ever said or did anything that interfered
with the marriage relationship or contributed in any man-
ner to the unfortunate trouble which led to the filing of
two different divorce suits, one of which was in Nevada,
where a decree was granted Theodore Weber. The de-
fendants are charged with a conspiracy to alienate their
son's affections.

The evidence upon which the plaintiff relies to support
her charge of conspiracy against defendant John H. Weber
may be summarized as follows: He stood mute and
tacitly gave his approval to the conversations of Hannah
Weber, his wife, with their son about plaintiff. If the
testimony of plaintiff as to the various charges made

about her by Hannah Weber are true, in manner and form, then there was scarcely an opportunity for John H. Weber to have spoken. His silence was wise. He is charged with being present and participating in a quarrel about the cattle, which caused the first separation, when plaintiff's testimony is that when "we were coming home I saw the Weber car leave our yard." He advanced his son money for various purposes, including expenses for a divorce suit, and afterwards sought to help his son get the custody of the baby.' But the record is devoid of evidence tending to prove that John H. Weber, directly or indirectly, influenced the separation of his son and the plaintiff. A conspiracy need not be established by direct evidence, but may be inferred from acts of conspirators pursuing the same object, though by different means. *Marsh-Burke Co. v. Yost,* 98 Neb. 523. See *Talich v. Marvel,* 115 Neb. 255. The picture of John H. Weber, portrayed by the record, is that he was rather a passive figure in this domestic drama. The evidence is not sufficient to support a verdict as to John H. Weber.

Complaint is made in respect of the giving of instruction No. 1 by the court for that it was verbose and submitted issues of fact to the jury which were not supported by the evidence. In view of our conclusion as to the sufficiency of the evidence, and even independently, it submitted issues as to John H. Weber, without supporting testimony. But as to defendant Hannah Weber, the situation is somewhat different. This instruction set out in detail the allegations of the plaintiff's petition, as such. Some of these allegations were not supported by any evidence as against defendant Hannah Weber. It is conceded in the plaintiff's brief that there is no evidence sustaining the allegation that the plaintiff's husband, at the time the baby was born, requested defendant Hannah Weber to loan him money to pay the expenses incident thereto and that she refused, stating that such expenses were due solely to the plaintiff, and that if it had not been for the plaintiff and his marriage to her

he would not have had such expenses. An instruction is erroneous which submits to a jury allegations not supported by the evidence. *Koehn v. City of Hastings,* 114 Neb. 106; *Miller Rubber Products Co. v. Anderson,* 123 Neb. 247; *Hanna v. Hanna,* 104 Neb. 231. Submitting such an issue, as above set forth, is particularly prejudicial in a case of this nature where the situation is a sensitive one involving a new-born babe.

Other errors are assigned and argued which it is not necessary to discuss and determine in disposing of this appeal. The judgment of the trial court is reversed and the cause remanded.

REVERSED.