SKVARCE *v.* SALES NECESSITIES, INC.

NEGLIGENCE—IMPUTED NEGLIGENCE—FELLOW-SERVANTS—JOINT ADVENTURES—MOTOR VEHICLES—NEWSPAPER DELIVERIES.

Driver of truck, owned and maintained by newspaper company, who received guaranteed wage plus commissions on sales on his route and who had complete charge of operation of truck was neither fellow-servant nor joint adventurer with plaintiff, a jumper who stood on specially constructed running board counting papers between deliveries and received set wage not dependent on sales, so as to render contributory negligence of driver imputable to plaintiff in his action against negligent third party for injuries received in accident at street intersection.

Appeal from Wayne; Callendar (Sherman D.), J., presiding. Submitted April 13, 1934. (Docket No. 110, Calendar No. 37,767.) Decided June 4, 1934.

Case by Frank Skvarce against Sales Necessities, Inc., a Michigan corporation, for personal injuries received in an automobile accident at a street intersection. Judgment for plaintiff. Defendant appeals. Affirmed.

*Harold S. Knight* (*Harold W. Geddes,* of counsel), for plaintiff.

*Vandeveer & Vandeveer,* for defendant.

Butzel, J. Frank Skvarce, plaintiff, was employed by the Evening News Association, Inc., as "jumper" on an auto truck used by the latter in the distribution of newspapers. On May 29, 1933, he sustained personal injuries in a collision between the delivery truck, driven by a fellow employee, Charles Kulow, and an automobile owned by defendant, a Michigan corporation, and operated by the latter's employee. Although the collision occurred through defendant's negligence, plaintiff's coemployee, Kulow, was guilty of contributory negligence. Plaintiff, however, was guilty of no negligence, unless that of his coemployee, or fellow-servant, is imputable to him.

Under the stipulation of facts, it was agreed that Kulow had complete charge of the operation of the delivery truck in question, his duties consisting of driving it from the plant of the employer to each and every stop assigned in his district, and returning it to the garage upon the completion of the route. It was plaintiff's duty to ride upon the running board

of the truck, and, as it reached the designated stops
on the route assigned to the driver, to jump from
the side of the truck with the required number of
newspapers for that particular stop, and deliver
them.   He then returned to the side of the truck,
where he counted out the papers for the next stop
while standing on the running board, which was
specially constructed to permit its use for that par-
ticular purpose.   While plaintiff was engaged in
this operation, the truck remained in motion, under
the complete guidance and control of Kulow.   Plain-
tiff had no control whatsoever over the handling of
the truck from the time it left the employer's estab-
lishment until it returned; nor did he have any au-
thority to direct the manner in which the truck
should be driven, all of these matters being left to
the discretion of Kulow.   It was further conceded
that in the interest of their common employer both
plaintiff and Kulow attempted to increase the num-
ber of sales of the Detroit News, and that upon some
occasions plaintiff was allowed to make collections
for the driver.   The wages earned by plaintiff, how-
ever, were fixed and set by the employer, and his
weekly wage was in no way dependent upon the
number of papers sold upon the route, although
Kulow received a guaranteed sum, plus a commis-
sion varying with the amount or number of sales.
The employer owned the truck, maintained it, and
paid all expenses for its use and upkeep.

Defendant disclaims liability on the ground that
the contributory negligence of Kulow was imputable
to plaintiff, claiming that plaintiff and Kulow were
fellow-servants and also joint adventurers engaged
in a common enterprise, in which each had an in-
terest.   There is no merit to either of these theories.
The case is ruled by *McKernan* v. *Railway Co.*, 138

Mich. 519 (68 L. R. A. 347), where, under a some-what similar set of circumstances, we held that the contributory negligence of the driver of a fire engine was not imputable to the engineer who, in the performance of his duty, was riding on the rear end of the engine when it collided with a street car. This case has been cited with approval in *City of Grand Rapids* v. *Crocker,* 219 Mich. 178.

See, also, *Rogers* v. *Weber,* 235 Mich. 180, and notes in 8 L. R. A. (N. S.) 631.

The agreed facts show that there was no joint enterprise.

Judgment for plaintiff is affirmed, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.