*In re* BOYER'S ESTATE.

CLAIM OF DePAGTER.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
—KNOWLEDGE OF POSITION ON HIGHWAY.

In action by passenger for hire against estate of deceased driver
whose car collided with that of another motorist going in op-
posite direction, exclusion of evidence by plaintiff as to which
side of highway he was when injured because equally within
knowledge of deceased *held*, reversible error since drivers do
not always know or realize their precise position on the high-
way, especially at night (3 Comp. Laws 1929, § 14219).

2. SAME—EVIDENCE—MATTERS EQUALLY WITHIN KNOWLEDGE OF DE-
CEASED—NOT TO BE INFERRED—QUESTION FOR JURY—INSTRUCTIONS.

That the fact sought to be shown was equally within the knowl-
edge of deceased cannot be inferred but must affirmatively ap-
pear from testimony or circumstances, or the evidence should
be received and submitted to the jury with instructions to
disregard it if found to have been equally within the knowledge
of deceased (3 Comp. Laws 1929, § 14219).

3. SAME—EVIDENCE—MATTERS EQUALLY WITHIN KNOWLEDGE OF DE-
CEASED—AUTOMOBILES—LOCATION ON ROAD.

In trial of personal injury case by passenger for hire against
estate of driver who died the next day, where claim of negli-
gence was that driver was on wrong side of road when car
collided with a car going in opposite direction, the driver of
such other car had testified defendant's car was on wrong side
and three witnesses had testified plaintiff had told them de-
cedent was not to blame and had done all he could to turn
out of road, exclusion of testimony by plaintiff as to position
of defendant's car because equally within knowledge of de-
ceased *held*, reversible error (3 Comp. Laws 1929, § 14219).

Appeal from Wayne; Toms (Robert M.), J. Submitted September 29, 1937. (Docket No. 1, Calendar No. 39,323.). Decided November 10, 1937.

In the matter of the estate of Charles Henry Boyer, deceased. Leonard DePagter presented his claim for personal injuries sustained in an automobile accident. From report of commissioners on claims, plaintiff appealed to circuit court. Verdict and judgment for defendant. Plaintiff appeals. Reversed with new trial.

*Leonard H. Muller* and *Harry J. Lippman* (*Leslie D. Bloom,* of counsel), for plaintiff.

*Stewart A. Ricard,* for defendant.

FEAD, C. J. About 3 o'clock a. m. of July 22, 1934, on a curve, a car, driven by Frank Gardner, 15 years old, collided with a car, owned and driven by Dr. C. H. Boyer and in which plaintiff was riding as a passenger for hire. Boyer died the next day.

Plaintiff and Gardner each filed claim for $50,000 damages against Boyer's estate. The claim of negligence is that Boyer was driving on the left, or wrong, side of the road and caused the collision. Defendant had verdict of a jury and judgment.

Plaintiff was asked the question: "What side of US–112 were you when injured?" On objection the court excluded an answer as a matter equally within the knowledge of the deceased.*

The exclusion was error. Drivers do not always know or realize their precise position on the highway, especially at night. There was no evidence that Boyer had knowledge of his position with reference to the center of the road at the time of the

___

* See 3 Comp. Laws 1929, § 14219.—REPORTER.

collision. The test is stated in *Noonan* v. *Volek*, 246 Mich. 377. That the fact sought to be shown was known to the deceased cannot be inferred. It must affirmatively appear from testimony or circumstances, or the evidence should be received and submitted to the jury with instructions to disregard it if found to have been equally within the knowledge of the deceased.

Defendant contends the error is not reversible because Gardner had testified positively that Boyer was on the wrong side of the road and his testimony was undisputed, *Chamberlain* v. *Eddy*, 154 Mich. 593. The verdict demonstrates that the jury did not credit Gardner's testimony and this left the plaintiff wholly without a case. Perhaps plaintiff's corroboration of Gardner would have resulted in a different verdict. Moreover, there was testimony of three witnesses that plaintiff had told them in substance that Boyer was not to blame for the collision but he had done all he could to turn out of the road and Gardner had crashed into his car. In view of the testimony and the narrow character of the issue it cannot be said affirmatively that the exclusion was not prejudicial.

The other points have little merit and need no discussion.

Reversed, with new trial and costs.

North, Wiest, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.