## CASE v. KLUTE.

1. WITNESSES — MATTER MUST BE SHOWN TO BE KNOWN BY DECEASED—INFERENCES.

   To exclude testimony of defendant on basis it related to fact equally within the knowledge of plaintiff's decedent for whose death damages were sought to be recovered, it must affirmatively appear from the testimony or circumstances that the facts sought to be shown were equally within the knowledge of the deceased as such facts cannot be inferred (3 Comp. Laws 1929, § 14219).

2. AUTOMOBILES—TESTIMONY AS TO COLLISION—KNOWLEDGE OF DECEASED GUEST PASSENGER.

   In action by administratrix of estate of deceased guest passenger of defendant motorist, admission of testimony of defendant as to facts relating to manner in which collision occurred *held,* not error, where testimony showed that deceased and defendant had been drinking beer earlier in the evening and that during the last two miles before the collision occurred there was no conversation between them although there had been during the preceding five miles, since it does not affirmatively appear that facts testified to by defendant were equally within the knowledge of the deceased (3 Comp. Laws 1929, § 14219).

3. TRIAL—OBJECTIONS TO EVIDENCE.

   When objections are made to the introduction of evidence during the course of a trial, such objections must be specific and the ground therefor should be stated with perspicuity and particularity in order that it may be understood by the court.

4. SAME—GENERAL OBJECTION TO EVIDENCE.

   A general objection to evidence is unavailable where any part of such evidence is not subject to the objection.

5. SAME—IMPROPER ADMISSION OF EVIDENCE—MOTION TO STRIKE.

   Party whose interests may be injuriously affected by improper admission of evidence may have it stricken out by applying to the court for that purpose but the ground upon which the mo-

tion is based should be stated and it is the duty of counsel to call to the attention of the court any conditions which may qualify its consideration by the jury.

6. SAME—ADMISSION OF EVIDENCE—QUALIFICATION—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

Failure of trial court to instruct jury at time of admission of testimony as to facts, claimed to be equally within knowledge of plaintiff's decedent, that such testimony was subject to consideration but with qualification that if they found that facts were equally within knowledge of deceased such testimony was to be disregarded *held*, not error in the absence of request so to charge on part of counsel (3 Comp. Laws 1929, § 14219).

7. AUTOMOBILES—ERROR OF JUDGMENT—GROSS NEGLIGENCE—GUEST PASSENGERS.

Mere error of judgment on part of motorist in so driving his car on four-lane highway as to crash into oncoming truck, which was the proximate cause of death of plaintiff's decedent, *held*, insufficient to constitute gross negligence within meaning of guest passenger act so as to entitle plaintiff to recovery (1 Comp. Laws 1929, § 4648).

Appeal from Berrien; Evans (Fremont), J. Submitted January 19, 1938. (Docket No. 70, Calendar No. 39,840.) Decided April 4, 1938.

Case by Clara F. Case, administratrix of the estate of Harry E. Case, deceased, against Louis Klute for damages sustained when plaintiff's decedent was killed in an automobile accident. Verdict for plaintiff. Judgment for defendant on special verdict. Plaintiff appeals. Affirmed.

*White & White* and *Theron D. Childs, Jr.,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendant.

McALLISTER, J. About midnight of November 1, 1936, defendant was driving an automobile accom-

panied by plaintiff's decedent, who was riding in the front seat as a passenger. They were traveling on a so-called super-highway having four traffic lanes, at a speed of approximately 50 miles an hour. After having driven from the place of departure for about seven miles, they approached an oncoming truck, and when approximately 200 feet distant, defendant's car swerved to the left, across the highway and crashed into the truck. As a result of the collision, plaintiff's decedent was killed. The action brought against defendant was based upon gross negligence.

The case was tried before a jury, which returned a verdict for $2,666.66. The jury, however, answered a special question in which they found from the evidence that the cause of the collision was an error of judgment on the part of the defendant. The trial court entered judgment for defendant in compliance with the jury's answer to the special question submitted.

Plaintiff appeals and assigns error because of the admission of testimony of defendant driver, as to the occurrence of the collision and with regard to traffic just prior to the accident. Before the admission of such testimony, plaintiff's counsel made objection on the ground that it appeared that such facts were equally within the knowledge of the deceased.* The court overruled the objection. Plaintiff claims as error, that the court, in overruling such objection, neglected to instruct the jury at the time of his ruling that if the jury found that such facts were equally within the knowledge of the deceased, they should entirely disregard such testimony. No requests to instruct the jury on the point were submitted by plaintiff's counsel.

---

* See 3 Comp. Laws 1929, § 14219.—Reporter.

In order to exclude such testimony in automobile accident cases, it must affirmatively appear from the testimony or circumstances that the facts sought to be shown, were equally within the knowledge of the deceased; such facts cannot be inferred. *Noonan* v. *Volek,* 246 Mich. 377.

The evidence showed that defendant and plaintiff's decedent had been distributing posters for an American Legion dance in another county and were returning home. They had been drinking beer earlier in the evening. During the time they were driving the last two miles before the collision, defendant testified that there was no conversation between him and plaintiff's decedent, although they had been talking during the preceding five miles. It did not affirmatively appear from the testimony or circumstances that the facts relating to the collision, as testified to by defendant, were equally within the knowledge of the deceased. There was no error in admitting such testimony. But plaintiff's counsel contend that where it does not affirmatively appear that the facts testified to were equally within the knowledge of the deceased, the evidence must be submitted to the jury with instructions to disregard such testimony if they find that it actually was within the knowledge of the deceased; and they claim that the trial court was in error in not instructing the jury to this effect. *In re Boyer's Estate,* 281 Mich. 618.

The trial court in its opinion denying a motion for a new trial, stated that there was nothing upon which the jury could have based a finding that the matter testified to was equally within the knowledge of the deceased; and that in any event, the failure of counsel to request such an instruction, either at the time the court admitted the testimony or previous to the court's charge to the jury, precluded them from raising the question on a motion for new trial.

When objections are made to the introduction of evidence during the course of a trial, such objections must be specific. *Detzur* v. *B. Stroh Brewing Co.,* 119 Mich. 282 (44 L. R. A. 500, 5 Am. Neg. Rep. 371). The ground of such objections should be stated with perspicuity and particularity, in order that it may be understood by the court. *Brown* v. *Weightman,* 62 Mich. 557. The proper practice in making objections is to state briefly the grounds thereof. *Abbott* v. *Chaffee,* 83 Mich. 256. A general objection to evidence is unavailable where any part of such evidence is not subject to the objection. *Timmerman* v. *Bidwell,* 62 Mich. 205.

Even in those cases where evidence has been improperly admitted, the party whose interests may be injuriously affected by it, may have it stricken out by applying to the court for that purpose, but the ground upon which the motion is based should be stated. *Runnells* v. *Village of Pentwater,* 109 Mich. 512.

Since it is necessary to move to strike out in such cases where evidence is improperly admitted, provided the grounds for such motion to strike are stated so that the court is informed of the question involved, it can be said with greater emphasis that where testimony is properly admissible, it is the duty of counsel to call to the attention of the court any conditions which may qualify its consideration by the jury; and counsel should follow such practice at the time of making such objection.

Defendant's testimony was clearly admissible. It would have been error to exclude it. The most that plaintiff now urges is that the court should have told the jury that it was to be considered subject to qualification. But plaintiff's objection went to its reception in evidence at all, which was clearly an insufficient objection. *Duflo* v. *Juif,* 63 Mich. 513.

Where such testimony is properly admissible, as in this case, failure of the trial court to instruct the jury at the time of its admission that it is subject to consideration only with qualifications is not error on the part of the trial court, in the absence of such a request on the part of counsel.

After the introduction of the testimony, plaintiff still had the opportunity to save such question for review by requesting that the court instruct the jury that they should give consideration to such testimony, subject to the qualifications that they could disregard it entirely if they found that it related to matters equally within the knowledge of the deceased. The court was not in error in failing to instruct the jury in the manner which plaintiff now insists was necessary in the absence of a request on the part of plaintiff. It is doubtful whether any of the facts testified to by defendant appeared affirmatively to have been equally within the knowledge of the deceased; but, in view of the foregoing, it is unnecessary to consider such question.

The jury found that the collision resulted from an error of judgment on the part of the defendant, and such finding removes from the case the question of defendant's gross negligence, which was the only ground upon which plaintiff could recover, the deceased having been a guest of defendant at the time of the collision.* We find no error in the action of the trial court in entering judgment for defendant.

Judgment affirmed, with costs to defendant.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.

---

* See 1 Comp. Laws 1929, § 4648.—REPORTER.