**REHM v. INTERSTATE MOTOR FREIGHT SYSTEM et al.**
No. 9206.

Circuit Court of Appeals, Sixth Circuit.
Feb. 1, 1943.

Clifford A. Mitts, Jr., of Grand Rapids, Mich. (Farabaugh, Pettengill & Chapleau, of South Bend, Ind., and Clifford A. Mitts, Jr., of Grand Rapids, Mich., on the brief), for appellant.

L. E. Becker, of Grand Rapids, Mich. (Warner, Norcross & Judd and Alexander, McCaslin & Cholette, all of Grand Rapids, Mich., on the brief), for appellees.

Before HICKS, SIMONS, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

Appellant concedes that the negligence of the driver of an automobile is, under the law of Michigan, imputable to a guest passenger. Asserting, however, that this doctrine, which is at utter variance with that prevailing generally in American jurisprudence, is limited in its applicability to those whose election to ride with the operator of the automobile is free and voluntary, appellant insists that the district court erred in charging the jury that there would be imputable to appellant's decedent any contributory negligence of the driver of the automobile in which the deceased was riding when fatally injured as the result of a collision with a trailer attached to appellee's tractor.

Appellant's decedent and Gamble, owner and driver of the automobile, were employees of the Federal Home Loan Bank Board for the Sixth District. The district supervisor had assigned them, on official business, from Hammond, Indiana, to Monroe, Michigan, and had ordered them to report from Monroe to Grand Rapids, Michigan, to examine the Federal savings and loan association located there. He testified that the manner of travel "was usually optional with the examiners," that he knew the two men had traveled together in Gamble's car on their last three assignments, and also that Gamble received five cents per mile travel allowance when using his own automobile; but that the examiners had not been instructed by him one way or the other concerning their method of transportation. Such direction did not fall within the scope of his authority. The supervisor testified further that, had he desired to do so, appellant's decedent could have adopted some other mode of travel than in Gamble's automobile.

The fatal collision occurred at night on a United States Highway between Monroe and Grand Rapids. The evidence as to re-

sponsibility for the collision was conflicting. In his testimony, Wilkins, driver of appellee's tractor and trailer, placed the blame upon Gamble's attempt to pass another car in a manner violative of Michigan statutes. The jury evidently believed him and returned a verdict of no cause of action, which was upheld by the district court.

The argument of appellant has been answered adversely in Caswell v. New York Central Railroad Company, 263 Mich. 18, 248 N.W. 641, where a jury verdict for plaintiff against a railroad company was reversed without a new trial. The plaintiff and another special commissioner appointed by the probate court were invited by their co-commissioner, Hine, to ride in the latter's automobile to view the location for a proposed drain. The trip was to be made on official business. As a result of the joint negligence of Hine and the railroad company, the plaintiff was injured in a collision at a crossing. He sued both Hine and the railroad company, but recovered against the latter only. In reversing the judgment and terminating the litigation, the Supreme Court of Michigan said (263 Mich. op. 20, 21, 248 N.W. 642): "The question is whether plaintiff was a gratuitous passenger in Hine's car, to be so found as a matter of law, counsel conceding that the negligence of the driver is imputed to such passenger. The court submitted the question as an issue of fact, and the jury found plaintiff a passenger for hire.

"Plaintiff's contention in this respect is based upon the fact that the county drain commissioner paid Hine 10 cents per mile for the distance his car traveled in going to and from the meeting, and did not pay such mileage to the other special commissioners. However, in his testimony the county drain commissioner made it plain that he did not hire Hine to transport the other special commissioners; that the mileage was a customary allowance; that he would have paid each special commissioner the mileage had each gone in his own car; and that he did not control the transportation, and each could have used his own car had he desired.

"The mileage was not a hiring of Hine's car nor paid as compensation for its use in transporting himself or the others. Mileage is a well-established method, widely used in public and private business, of reimbursing an officer or employee for the expense necessarily sustained by him in traveling to perform his duties. It is merely a substitute for actual expenses, and, theoretically, covers only the cost of transportation of the individual officer or employee, and the rate is set upon that basis, unless otherwise indicated by circumstances. It involves no control of the car by the superior officer or employer, nor does it change the driver's relation or liability to any one who might ride with him."

Other Michigan authorities do not sustain the contention of appellant that her decedent was a passenger for hire and, as such, exempt from the applicability of the Michigan doctrine of imputation of negligence. All the cases cited by her are differentiable from the case at bar. In Johnson v. Mack, 263 Mich. 10, 248 N.W. 534, the successful plaintiff in a personal injury suit, and others who rode with him, had paid a private carrier for hire to transport them to and from their work. In the case at bar, appellant's decedent rode free. In McGuire v. Armstrong, 268 Mich. 152, 255 N.W. 745, among the duties of a county nurse, for which she was paid by the county, was the transportation of patients to various clinics in Grand Rapids. The holding was that a patient injured in an automobile negligently driven by the nurse was not a guest passenger. Cardinal v. Reinecke, 280 Mich. 15, 273 N.W. 330, 331, 274 N.W. 379, held that the injured plaintiff, riding in defendant's automobile "not of her own volition" but to render a requested service to the defendant, was not a mere guest. Peronto v. Cootware, 281 Mich. 664, 275 N.W. 724, presented a situation where a mother recovered judgment for personal injuries against her son, in whose automobile she was riding at the instance of another son who had sent for her to become paid nurse for his sick wife. The mother was held not to be a guest passenger. It was declared that the transportation was a "business proposition" and that the fact that her son who drove her in his car was an uncompensated volunteer did not prevent his being the alter ego of the son at whose instance she made the journey. Crook v. Eckhardt, 281 Mich. 703, 275 N.W. 739, 742, found a question of fact for the jury, where the testimony was conflicting as to whether the defendant was transporting plaintiff "as an accommodation," or as a part of the consideration of a con-

tract for hire. Thomas v. Currier Lumber Co., 283 Mich. 134, 277 N.W. 857, 858 (discussed by this court in Taylor v. Chrysler Corp., 6 Cir., 108 F.2d 196, 197), presented the question whether plaintiff, while riding in the automobile of a salesman for the defendant company, was a "guest without payment for such transportation" within the meaning of 1 Comp.Laws of Michigan, 1929, Sec. 4648. The judgment of the trial court that, as a matter of law, the plaintiff was not a gratuitous guest passenger was affirmed on appeal. The State Supreme . Court pointed out that, although the salesman was paid for his services on a salary basis, he could not hope to remain in the employ of the lumber company or to aspire to promotion, unless productive of business; and that at the time of the accident it was to his benefit to convey the plaintiff to the office of the lumber company and thus, if possible, complete the sale under negotiation. The plaintiff had desired to drive his own car, but the salesman had advised him that the president of the lumber company had ·sent him to convey the plaintiff to the president's office.

Examination of the facts reported in Monison v. McCoy, 266 Mich. 693, 256 N. W. 49, the detail of which would unduly lengthen this opinion, is convincing that this authority does not strengthen appellant's insistence that her decedent was not a guest rider, subject to imputation to. him of the negligence of the driver of the automobile. The same comment may be made upon other Michigan citations of appellant: Skvarce v. Sales Necessities, Inc., 267 Mich. 540, 255 N.W. 328; McKernan v. Detroit Citizens' Street Ry. Co., 138 Mich. 519, 101 N.W. 812, 68 L.R.A. 347; In re Harper's Estate, 294 Mich. 453, 293 N.W. 715; Konopka v. Jackson County Road Commission, 270 Mich. 174, 258 N.W. 429, 97 A.L.R. 552.

Appellant urges that the imputed negligence rule operative in Michigan is "an unwanted doctrine which arose as the result of a judicial mistake," and that the Supreme Court of Michigan has engrafted upon the rule "every conceivable exception" and has shown an increasing trend toward broadening the exceptions until the rule is altogether abrogated. Her counsel assert that "the Supreme Court has reluctantly recognized the fact that it is the unhappy creator of a problem child, of questionable legitimacy, and understandably

enough has done its level best to keep the product out of sight, while not daring to disclaim it altogether."

It is not the function of a Federal court either to legitimatize, or to bastardize, the brain-children of state courts in diversity of citizenship cases. Since Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the duty of United States courts in such cases is to ascertain, construe and apply static state law: not to limit, modify or repeal state doctrine.

Meeting a vigorous attack upon the Michigan doctrine of imputable negligence as inconsistent with the weight of authority, the Supreme Court of Michigan, in Holsaple v. Menominee Sup'ts of Poor, 232 Mich. 603, 206 N.W. 529, 531, adhered to the rule which had "obtained in this jurisdiction through a long line of decisions for over half a century." The court listed as authorities: Lake Shore, etc., R. Co. v. Miller, 25 Mich. 274; Mullen v. City of Owosso, 100 Mich. 103, 58 N.W. 663, 23 L.R.A. 693, 43 Am.St.Rep. 436; Kneeshaw v. Detroit United Railway, 169 Mich. 697, 135 N.W. 903; Fike v. Pere Marquette Railroad Co., 174 Mich. 167, 140 N.W. 592; Colborne v. Detroit United Railway, 177 Mich. 139, 143 N.W. 32; Granger v. Farrant, 179 Mich. 19, 146 N.W. 218, 51 L.R. A.,N.S., 453; Lake v. Township of Springville, 187 Mich. 305, 153 N.W. 690; Jewell v. Rogers Township, 208 Mich. 318, 175 N. W. 151; Pilch v. Yellow Taxicab Co., 225 Mich. 484, 196 N.W. 365; West v. Detroit Terminal Railroad, 229 Mich. 590, 201 N. W. 955. Following these citations, the court commented that it was not prepared to add anything, touching the contention against adherence to the rule, to what had been said in Mullen v. City of Owosso, supra, and Colborne v. Detroit United Railway, supra. In the Colborne case, 177 Mich. 140, 142, 143 N.W. 33, the Supreme Court had stated: "Were the question new or uncertain in this state, it might call for serious consideration; but the doctrine of stare decisis is not to be lightly disregarded. It was said in Mullen v. City of Owosso, 100 Mich. 103, 58 N.W. 663, 23 L.R.A. 693, 43 Am.St.Rep. 436, that, where a woman of mature years and discretion voluntarily entered the private conveyance of another to ride with him, and by his con· tributory negligence was injured, she must

be held to have adopted his conveyance for the time being as her own and to have assumed the risk of his negligence, which must therefore be imputed to her. Though counsel there made the same contention as is made here, it was then said that this rule 'has been too long settled to be now disturbed.' "

Chief Justice McDonald, in Lachow v. Kimmich, 263 Mich. 1, 5, 248 N.W. 531, 532, 90 A.L.R. 626, firmly announced that the previous decisions of the Supreme Court of Michigan holding that the contributory negligence of a driver of a private conveyance is imputable to an adult passenger should be overruled, except where the undertaking is joint, or the passenger has the right to control the driver by reason of agency relationship. While concurring with the Chief Justice in the affirmance of a judgment for the plaintiff in the personal injury action, four judges of the court asserted through their spokesman: "The rule of imputed negligence to passengers, other than for hire, which has been so consistently followed in this state (see Holsaple v. Menominee Superintendents of Poor, 232 Mich. 603, 206 N.W. 529), is not here involved, and should not be considered or passed upon in this case." Three other members of the court, dissenting in part, considered it "well settled by a long unbroken line of decisions in this jurisdiction that the negligence of a driver of a private vehicle will be imputed to an adult who is a voluntary gratuitous occupant of such vehicle [citing cases]." It was added that assent could not be given to the contrary holding of the Chief Justice. Thus, it is obvious that Holsaple v. Menominee Superintendents of Poor, supra, and kindred cases have not been overruled by the Supreme Court of Michigan.

■ In Moore v. United States Truck Co., 260 Mich. 56, 244 N.W. 228, the court unanimously held that, the Michigan Guest Act, 1 Comp.Laws 1929, Sec. 4648 has not abrogated the rule that the negligence of the driver of an automobile is imputed to his guest so as to bar a recovery against the owner of the truck with which the automobile collided.

■ (2) Error is assigned to the action of the district court in permitting the defendant Wilkins, driver of the truck and trailer of the appellee corporation at the time of the accident, to testify, over objection, to facts asserted by appellant to have been equally within the knowledge of her decedent. See the Michigan statute: 3 Comp.Laws 1929, Sec. 14219. That the facts to which Wilkins testified were equally within the knowledge of the decedent was not shown in evidence and, at most, would rest entirely upon conjecture. There was no proof as to what the deceased was in position to see, or even as to what he was doing immediately prior to or at the time of the accident. The fact that Wilkins' testimony was contradicted in part by another witness does not strengthen appellant's contention.

In re Boyer's Estate, 281 Mich. 618, 275 N.W. 652, was a personal injury collision case in which there was a jury verdict in favor of the estate of a deceased defendant. It was held reversible error to exclude, as a matter equally within the knowledge of the deceased, testimony of the plaintiff as to which side of the highway he was traveling upon when injured. The Supreme Court reasoned that automobile drivers do not always know or realize their precise position on a highway, especially at night; that there was no evidence that the deceased defendant had knowledge of his position at the time of the collision; and that it could not be inferred that he did know. The contention that the error of exclusion was not prejudicial because another witness had testified that the defendant was on the wrong side of the road was rejected, for the reason that the verdict demonstrated that the jury did not credit the testimony of the witness, and that plaintiff's corroboration might have resulted in a different verdict.

■ Noonan v. Volek, 246 Mich. 377, 224 N.W. 657, makes it clear that the burden of showing that a fact, if true, was equally within the knowledge of the deceased rests upon one who invokes the exclusion statute; and that an inference of the deceased's equal knowledge may not be drawn as a bar to the opposite party's testimony. See, also, Case v. Klute, 283 Mich. 581, 278 N.W. 721; Kalbfleisch v. Perkins, 282 Mich. 27, 275 N.W. 754; Hanna v. McClave, 271 Mich. 133, 139, 260 N.W. 138.

(3) Appellant asserts that the trial court committed reversible error in failing to instruct the jury, as requested, to disregard the testimony of the driver of the vehicle of appellee if it should be found that he had testified to matters equally within the

knowledge of the appellant's decedent. Expressions of the Supreme Court of Michigan in certain cases, which have already been cited in this opinion, are referred to as authority for appellant's insistence:

"It was a question of fact, in this case, for determination by the jury, whether the horn, if sounded, was heard by or known to the deceased. In such case, the testimony should be received and the jury instructed not to give the same consideration, if found to have been equally within the knowledge of the deceased." Noonan v. Volek, 246 Mich. 377, 382, 224 N.W. 657, 658. This language was quoted in Hanna v. McClave, 271 Mich. 133, 140, 260 N.W. 138.

"That the fact sought to be shown was known to the deceased cannot be inferred. It must affirmatively appear from testimony or circumstances, or the evidence should be received and submitted to the jury, with instructions to disregard it if found to have been equally within the knowledge of the deceased." In re Boyer's Estate, 281 Mich. 618, 620, 275 N.W. 652, 653.

"After the introduction of the testimony, plaintiff still had the opportunity to save such question for review by requesting that the court instruct the jury that they should give consideration to such testimony, subject to the qualifications that they could disregard it entirely if they found that it related to matters equally within the knowledge of the deceased." Case v. Klute, 283 Mich. 581, 586, 278 N. W. 721, 723. However, from careful consideration in its context of the language of Judge McAllister in the last-mentioned case, it would seem that, even if a request had been made of the court to charge the jurors that they could disregard the testimony of the defendant if found by them to relate to matters equally within the knowledge of the deceased, the refusal of such special request would not have been held erroneous; for the opinion states that "it is doubtful whether any of the facts testified to by defendant appeared affirmatively to have been equally within the knowledge of the deceased. * * *"

In the instant case, the trial attorney for appellant searchingly cross-examined as a hostile witness the codefendant Wilkins, driver of the tractor and trailer owned by the appellee. It has been distinctly promulgated by the Supreme Court of Michigan that the representative of an estate who cross-examines an opposite party waives the benefit of the statute, 3 Comp.Laws, Sec. 14219, prohibiting testimony by such party to matters equally within the knowledge of the deceased; and, having cross-examined, cannot prevent the opposite party from giving a full explanation of the subject of inquiry. Hayes v. Skeman, 269 Mich. 473, 257 N.W. 866. See, also, cases cited therein, 269 Mich. at page 476, 257 N.W. at page 867. Compare Billingsley v. Gulick, 256 Mich. 606, 240 N.W. 46, 79 A.L.R. 166; Loucks v. Fox, 261 Mich. 338, 246 N.W. 141.

It must be borne in mind that no proof was offered that the matters to which Wilkins testified were equally within the knowledge of the decedent, Rehm; and that the burden of proving such knowledge rested upon appellant and could not be inferred or conjectured. There was no evidence from which the jury could justifiably have rejected the consideration of any part of Wilkins' testimony as being within the equal knowledge of the deceased. Therefore, there was no occasion for the district judge to charge the jury as requested, and he properly declined to do so.

(4) No error is found in the rejection by the district court of the other special instructions submitted by the appellant; nor was the district court in error in holding that Juror Van Zanten answered truthfully questions asked him on voir dire examination and was not guilty of bad faith in failing to disclose an incidental occupation concerning which he was not interrogated.

The judgment of the district court is affirmed.